UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| THE GRAND CANYON TRUST and SIERRA CLUB, | ) ) ) | CV 02-552 BB/ACT (ACE) |
| Plaintiffs, | ) ) ) | Plaintiffs' Brief Regarding Trial on Defendant's General |
| v. | ) ) | Defenses |
| PUBLIC SERVICE COMPANY OF NEW MEXICO, | ) ) ) ) | |
| Defendant. | ) ) | |

      Plaintiffs Grand Canyon Trust and Sierra Club rely on Defendant's continuous opacity monitor ("COM") data to show that Defendant has discharged, and continues to discharge, pollution in excess of twenty percent opacity at Defendant's San Juan Generating Station. Defendant's permit limits the opacity of emissions at San Juan to twenty percent.

      The Court ruled at the motions hearing on Mary 9, 2003 that Plaintiffs will meet their prima facie case at trial through the admission of Defendant's COM data, and that under certain circumstances Defendant may attempt to rebut that data. According to the October 1, 2003 Stipulated Order Regarding Liability Trial, ¶ 5, Defendant has stipulated to the admission of its COM data at trial.

      The Stipulated Order specifies that the first phase of the liability trial to begin on November 17, 2003 is limited to "factual issues related to Defendant's general defenses." Order at ¶ 2. A second liability phase is to be scheduled to hear Defendant's defenses to individual

opacity violations. Defendant's general defenses to opacity violations on which it has the burden of proof are: (1) to use COM data to show opacity violations, instead of infrequent visual inspections, makes the 20 percent opacity standard more stringent, (2) some of Defendant's COM readings are not accurate due to water vapor that is not particulate matter, and (3) Defendant should not be held liable for opacity readings in excess of 20 percent that occurred during startups, shutdowns and malfunctions.

According to this Court's October 8, 2003 Order regarding Plaintiffs' Motion in Limine, "[t]he purpose of the COM is to routinely monitor compliance, and source operators are charged with maintaining their COM equipment to achieve this goal." Order, p. 1. The Court therefore granted Plaintiffs' Motion in Limine, in part, "to exclude evidence that is directed at showing that (1) COM's are not a proper standard to measure CA compliance; and (2) COM's create a more stringent standard than Method 9." *Id*., p. 5. In other words, Defendant's first general defense regarding stringency is not an issue for trial.

Defendant's third general defense is also not an issue for trial. As Plaintiffs have previously stated, Defendant's permit does not provide for any defenses to opacity violations other than "emergencies." Plaintiffs' Exhibit 2. Plaintiffs have agreed, however, in the interest of resolving this case, not to assert as violations opacity readings in excess of 20 percent that Defendant claims were caused by startups and shutdowns, and that Defendant may attempt to show in the second phase of the liability trial that specific excess opacity readings should be excused as malfunctions.

Thus Defendant's second general defense, that excess opacity readings as shown by its COMs are inaccurate due to water vapor, appears to be the only issue for the first phase of the liability trial. To meet its burden on this issue, Defendant must come forward with factual evidence showing generally that its COMs readings over 20 percent opacity are not violations of the opacity limit due to uncombined water.

Because Defendant has no evidence to show that its COMs readings in excess of 20 percent opacity would be less than 20 percent opacity but for the presence of uncombined water Defendant's defense must fail. The term "particulate matter" is defined as "any finely divided solid or liquid material, other than uncombined water, as measured by Method 5 of Appendix A to this part or an equivalent or alternative method." 40 C.F.R. § 60.2(v); *See also* 20 NMAC 2.2 II.U. Therefore unless Defendant is able to show that uncombined water, or water that does not contain solids or particulate matter and is not chemically bonded to another substance, is the sole cause of each of its opacity readings in excess of 20 percent, Defendant's defense is to no avail. Because Defendant has no such evidence this litigation should proceed to the second phase of the liability trial.

Plaintiffs respectfully request that the Court schedule trial regarding Defendant's specific defenses to the individual opacity readings, such as claims of malfunction, as soon as possible. The Court will then be in a position to make a ruling on the number of opacity violations at Defendant's San Juan power plant.

Respectfully submitted,

DATED this 3rd day of November, 2003.

THE GRAND CANYON TRUST and
SIERRA CLUB, Plaintiff

| /S/ | /S/ | /S/ |
|---|---|---|
| Steven Sugarman | Reed Zars | George E. Hays |
| BELIN & SUGARMAN | Attorney at Law | Attorney at Law |
| 618 Paseo de Peralta | 910 Kearney St. | 236 W. Portal Ave., #110 |
| Santa Fe, NM 87501 | Laramie, WY 82070 | San Francisco, CA 94127 |
| 505-983-1700 | 307-745-7979 | 415-566-5414 |
| 505-983-0036 (fax) | 307-745-7999 (fax) | 415-731-1609 (fax) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the  3rd  day of November, 2003, I caused an electronic copy of Plaintiffs' Brief Regarding Trial on Defendant's General Defenses to be emailed to counsel of record below:

Robert C. Conklin
Richard L. Alvidrez
P.O. Drawer AA
Albuquerque, New Mexico  87103

Henry V. Nickel
Hunton & Williams
1900 K Street, NW
Washington, D.C.  20006

/S/
Reed Zars